**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5142**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL TEDDER,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:06-cr-00331-JFM-3)

Submitted: August 20, 2009        Decided: August 24, 2009

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. James Thomas Wallner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Michael Tedder pled guilty to conspiracy to distribute and intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846 (2006). The district court sentenced Tedder to 168 months' imprisonment, after departing from the applicable sentencing range, plus a five year term of supervised release. Tedder's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming ineffective assistance of counsel, but concluding that no meritorious issues for appeal exist. Tedder was advised of his right to file a pro se supplemental brief, but did not do so.

On direct appeal, a defendant may raise a claim of ineffective assistance of counsel "if and only if it conclusively appears from the record that his counsel did not provide effective assistance." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance, the defendant must show two things: (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). In the context of a guilty plea, "the defendant must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).  Our review of the record reveals no conclusive evidence that Tedder's counsel did not provide effective assistance.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Tedder's conviction and sentence.  This court requires that counsel inform Tedder, in writing, of his right to petition the Supreme Court of the United States for further review.  If Tedder requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Tedder.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3